**WO** MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Forrest Dunbar, ) | No. CV 07-8102-PCT-SMM (MEA) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Dora Schriro, et al., ) | |
| Respondents. ) | |

On October 18, 2007, Petitioner Forrest Dunbar, who is confined in the Arizona State Prison in San Luis, Arizona, filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody and an Application to Proceed *In Forma Pauperis.* In an October 25, 2007 Order, the Court denied the Application to Proceed *In Forma Pauperis* because Petitioner had more than $25.00 in his inmate account and gave Petitioner 30 days to pay the $5.00 filing fee.

On November 30, 2007, Petitioner paid the filing fee. In a December 13, 2007 Order, the Court dismissed the Petition for lack of personal jurisdiction because Petitioner had named an improper Respondent. The Court gave Petitioner 30 days to file a first amended petition to cure the jurisdictional deficiency.

On December 31, 2007, Petitioner filed an Amended Petition under 28 U.S.C. § 2254 (Doc. #9). The Court will require an answer to the Amended Petition.

**TERMPSREF**

**I.     Amended Petition**

Petitioner was convicted in Yavapai County Superior Court, case #CR-2003-0489 and #CR-2003-1284, of Forgery and of Leaving the Scene of an Accident. He was sentenced to two consecutive 2.5-year terms of imprisonment. In his Amended Petition, Petitioner names Dora Schriro and J. Sterns as Respondents and the Arizona Attorney General as an Additional Respondent. Petitioner raises eight grounds for relief.

In Ground One, Petitioner alleges "Due Process violation(s) Re CR2002-0249 and CR2003-1256 (Dismissed); CR2003-0489." He contends: (a) he was "wrongfully charged with crimes precluded by statute"; (b) CR2003-0489 was not a forgery and that he was "wrongfully charged with forgery without consideration of the U.C.C."; (c) CR2003-0489 is precluded by the "exclusionary rules of evidence"; and (d) he was denied access to the courts because of the State's "failure to provide the record of actions as evidence to issues despite deferrals for production of the requested records."

In Ground Two, Petitioner asserts a violation of his right to due process in CR-2003-0489. He claims: (a) the "U.S. Constitution and Arizona Constitution preclude any evidence being compelled to surrender to the state's authorities for use against any defendant"; (b) a Superior Court judge issued an order compelling Petition to provide a handwriting sample; and (c) he was "held in an interview room by a detective without having issued Miranda."

In Ground Three, Petitioner claims there was "wrongful, malicious, vindictive prosecution re 2002-0249 & 2003-1256, 2003-0489." He further alleges that "2002-0249 and 2003-1256 were precluded by statute and upon dismissal 2003-0489 was 'invented' to continue any prosecution of Petitioner to obtain Petitioner's lawful property."

In Ground Four, Petitioner alleges that there was "fraud of contract (plea bargain)" and "failure of valid consideration." He contends the plea agreement regarding CR2003-0489 and 2003-1284 was fraudulent because it "involved surrender, under duress, [of] a vehicle taken by police with charges against Petitioner CR2003-1256 (dismissed)." He also asserts that the State brought theft charges even though no theft occurred and "used the

charges . . . as consideration to bind an illegal plea bargain with threats of double-digit prison for CR2003-0489 & 2003-1284 all manipulated by the State for an ex-police officer's son who forfeited rights to title by law."

In Count Five, Petitioner raises multiple claims of ineffective assistance of counsel. In Ground Six, he contends there was a "material omission and misrepresentation re: 2002-0249 and 2003-1256 and 2003–0489." He claims the Prescott Police and the Yavapai County Attorney's Office omitted material information that would have "resulted in a zero vote for indi[ct]ment."

In Ground Seven, Petitioner claims a violation of his access to the courts. He states that he has repeatedly requested signed "deferrals" and "signed more deferrals for the production of all records in all matters before the courts and only received approx 40% of the materials." He asserts that the State has "blocked the requests containing pertinent information of record as evidence to all counts alleged herein." In Ground Eight, Petitioner alleges "Fraud of Contract re: Title 28-4841 through 28-4842 Public Policy and 28-2057." He claims that he relied on "equal protection under the law," the State engaged in fraud, he was charged "twice illegally per 28[-]4842-D immunity," and the State fraudulently took his vehicle.

Petitioner alleges that he presented Grounds One through Six, and Eight, to the Arizona Court of Appeals and the Arizona Supreme Court. He alleges he presented Ground Seven to the Arizona Supreme Court.

The Court will require Respondents to answer the Amended Petition. 28 U.S.C. § 2254(a).

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other

relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Amended Petition (Doc. #9) and this Order on the Respondents and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents must answer the Amended Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

TERMPSREF

  (3) Petitioner may file a reply within 30 days from the date of service of the answer.

  (4) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

  DATED this 9th day of January, 2008.

*[signature]*
Stephen M. McNamee
United States District Judge

**TERMPSREF**

- 5 -